**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO.: 1:25-CR-21** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **JUDGE MATTHEW W. MCFARLAND** |
| | : | |
| **ROGELIO CUMPLIDO LERDO,** | : | |
| a/k/a "ROGELIO CUMPLIDO-LERDO," | : | **UNITED STATES' SENTENCING MEMORANDUM** |
| a/k/a "ROGELIO CUMPLIDO," | : | |
| | : | |
| **Defendant.** | | |

## INTRODUCTION

The Defendant, Rogelio Cumplido Lerdo ("Lerdo"), was convicted of Reentry of a Removed Alien in violation of 8 U.S.C. § 1326(a) and (b)(1) and will stand before this Court for sentencing on February 12, 2026. The Guidelines call for a sentence of 10 to 16 months' imprisonment and the parties have entered into a plea agreement under Rule 11(c)(1)(C) that, if accepted, calls for a sentence not to exceed 10 months, no term of supervised release, and a $100 mandatory special assessment. The United States asks the Court to accept the plea agreement and recommends the Court sentence the Defendant to 10 months' imprisonment, followed by no term of supervised release, and a $100 special assessment. The recommended sentence is "proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal quotations omitted).

## BACKGROUND

On November 24, 2024, Lerdo was arrested in the City of Hamilton, Ohio on a charge for obstruction. Upon being fingerprinted at the jail, Lerdo was identified as a native and citizen of Mexico. As a result, Immigration and Customs Enforcement ("ICE") was notified. Lerdo was ultimately convicted of obstruction and domestic violence and was transferred to ICE custody following his sentence. Once in ICE custody, it was again confirmed that Lerdo was an alien without lawful status in the United States and that he had been previously removed from the United States on four prior occasions. Additionally, Lerdo was previously convicted of the same instant offense, Reentry of a Removed Alien in violation of 8 U.S.C. § 1326 in 2014, and Illegal Entry in violation of 8 U.S.C. § 1325 in 2012.

Given this immigration history, the only way for Lerdo to have lawfully entered the United States would have been for him to obtain the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security ("DHS"). Since Lerdo did not obtain such consent, his voluntary presence in the country is unlawful. As a result, Lerdo was subsequently indicted with one count of Reentry of a Removed Alien in violation of 8 U.S.C. § 1326(a) and (b)(1) on February 26, 2025.

On June 23, 2025, Lerdo was apprehended by law enforcement. After appearing in federal court on this charge, Lerdo, through his counsel, quickly notified the government of his intention to accept responsibility and plea negotiations began. On September 23, 2025, Lerdo pled guilty to one count of Reentry of a Removed Alien, pursuant to a Plea Agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The Plea Agreement, if accepted, calls for a term of imprisonment of no more than a 10-month term of imprisonment, no term of supervised release,

and a mandatory $100 special assessment pursuant to 18 U.S.C. § 3013. All other terms of the sentence are left to the discretion of the Court.

Following the Defendant's plea hearing, the Court ordered the preparation of a Presentence Investigation Report ("PSR"), which calculated the defendant's Guidelines imprisonment range to be 10 to 16 months. There are no outstanding objections to the PSR.

## APPLICABLE LAW

The Sentencing Guidelines "should be the starting point and the initial benchmark for choosing a defendant's sentence." *United States v. Demma*, 948 F.3d 722, 727 (6th Cir. 2020) (internal quotations omitted). Accordingly, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). Then, "the district court must weigh and apply the range of factors outlined in 18 U.S.C. § 3553(a)." *Id.* at 49-50. These include (1) the nature and circumstances of the offense and the history and characteristics of the defendant and (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a). The Court should impose a sentence sufficient but not greater than necessary to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *See* 18 U.S.C. § 3553(a).

## ARGUMENT

**A. The government agrees with the Guidelines calculation and statutory requirements set out in the presentence report.**

The government agrees with the Guidelines calculations in the PSR of an offense level of

10 and a criminal history category of III, which results in a Guidelines range of 10 to 16 months' imprisonment.

The PSR assigns a base offense level of 8 under U.S.S.G. § 2L1.2(a). (PSR ¶ 23.) Since the Lerdo committed the instant offense after sustaining a prior felony conviction for illegal reentry offense, 4 levels are added under U.S.S.G. § 2L1.2(b)(1)(A). (PSR ¶ 24.) Taken together, Lerdo's adjusted offense level is 12. (PSR ¶ 28.) He receives a 2-point reduction for his acceptance of responsibility, resulting in a total offense level of 10. (PSR ¶¶ 30-32.)

The statutory maximum term of imprisonment for Reentry of a Removed Alien in violation of 8 U.S.C. § 1326(a) and (b)(1) is 10 years. (PSR ¶ 76.) The maximum term of supervised release on this count is 3 years. (PSR ¶ 79.) However, when a defendant is an alien that is subject to deportation and convicted of a statute that does not require supervised release, the Court ordinarily should not impose a term of supervised release pursuant to U.S.S.G. § 5D1.1(c). (PSR ¶ 84.) Additionally, the maximum fine that can be imposed is $250,000, and there is a $100 mandatory special assessment. (PSR ¶¶ 88-89.)

**B. The government respectfully submits that a consideration of the § 3553(a) factors shows that a sentence of 10 months is appropriate here.**

The nature and circumstances of the offense weigh in favor of a sentence of 10 months' imprisonment. Lerdo has no lawful authority to be in the United States. Given his immigration history, Lerdo is clearly aware that he is not permitted to reenter the United States without the consent of the Attorney General or the Secretary of DHS. Despite this, Lerdo entered the country without obtaining this consent or being admitted through a designated port of entry. The United States has a significant interest in protecting its borders and knowing who is entering the country. By committing this offense, Lerdo circumvented the laws aimed at serving this interest. As a result, the government maintains that a sentence of 10 months' imprisonment is a sentence that

4

appropriately reflects the nature and circumstances of this offense.

This recommended sentence also takes into account Lerdo's history and characteristics. Lerdo not only has been removed from the United States on four different occasions but also has been previously convicted of Reentry of a Removed Alien and Illegal Entry. Given his history as a repeat offender, the United States has genuine concerns about Lerdo's risk of recidivism.

Further, as set forth in the PSR, Lerdo's criminal history is not limited to immigration-related offenses. On the contrary, in addition to his prior convictions for Reentry of a Removed Alien and Illegal Entry, Lerdo also has a history of convictions for obstructing official business, domestic violence, OVIs, and attempted forgery. These offenses, while primarily misdemeanors, have put the safety and wellbeing of members of our community at risk. Further, they belie any claim that Lerdo has otherwise attempted to respect the laws our country while here unlawfully.

Similarly, a sentence of 10 months' imprisonment is necessary to promote respect for the law and afford adequate deterrence. As outlined above, Lerdo's prior immigration history, including convictions, has failed to deter him from reoffending. Accordingly, a sentence of 10 months' imprisonment will serve these interests by deterring him and other similarly situated defendants from unlawfully entering the United States following removal.

Notwithstanding the foregoing, the government recognizes that Lerdo has endured significant hardships in his life, including the tragic and violent loss of his father along with his own medical difficulties. Additionally, Lerdo has fully accepted responsibility in this case. While these circumstances do not excuse Lerdo's conduct, they are relevant mitigating circumstances that support a bottom of the Guidelines sentence of 10 months.

Finally, a sentence of 10 months' imprisonment will also fulfill the sentencing need to avoid unwarranted sentencing disparities among defendants with similar records who have been

found guilty of similar conduct to Lerdo. According to United States Sentencing Commission's Judiciary Sentencing INformation ("JSIN")[1] data for fiscal years 2020 to 2024, the average sentence for defendants who were also sentenced under the § 2L1.2 Guideline with an offense level of 10 and criminal history category III was 10 months of imprisonment.  Accordingly, a sentence of 10 months' imprisonment is in line with the sentences imposed across the country for defendants similarly situated to Lerdo.

In sum, Reentry of a Removed Alien is an undeniably serious offense and Lerdo's history shows a clear need for deterrence. A sentence at the bottom of the Guidelines will adequately account for these considerations, the defendant's mitigating circumstances, and the sentences of other similarly situated defendants. As such, a sentence of 10 months' imprisonment is sufficient but not greater than necessary to comply with the goals of sentencing.

**C. The government respectfully requests that no term of supervised release be imposed in order to facilitate Lerdo's deportation.**

Given Lerdo's undisputed unlawful status in the United States and the fact that he already has a reinstatement order in place, it is almost certain that he will be deported through immigration removal proceedings following his term of imprisonment. Pursuant to U.S.S.G. § 5D1.1(c), "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." Here, a term of supervised release is not required by statute, and Lerdo is likely to be quickly deported by DHS following his term of imprisonment. As such, the United States respectfully requests that the Court not impose a term of supervised release as part of his

---

[1] Available at https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last accessed February 5, 2026) (data does not include defendants who received a departure for substantial assistance under U.S.S.G. § 5K1.1).

sentence so that Lerdo's removal from the United States may be facilitated unencumbered.

## **CONCLUSION**

For the reasons given above, the United States respectfully requests that the Court accept the parties' proposed binding plea agreement and sentence Lerdo to a term of 10 months' imprisonment, no term of supervised release, and a $100 special assessment.

Respectfully submitted,

DOMINICK S. GERACE II
UNITED STATES ATTORNEY

*/s/Danielle E. Margeaux*
DANIELLE E. MARGEAUX (OH 98348)
Assistant United States Attorney
United States Attorney's Office
221 E. Fourth St. Suite 400
Cincinnati, OH 45202
513-684-3711
Danielle.Margeaux@usdoj.gov

7